**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY

                                  :
STATE OF NEW JERSEY,              :
                                  :   Civil Action No. 10-5372 (MLC)
             Plaintiff,           :
                                  :          O P I N I O N
        v.                        :
                                  :
MICHAEL PAUL MCDANIEL,            :
                                  :
             Defendant.           :
                                  :
```

**MICHAEL PAUL MCDANIEL** files a purported Notice of Removal from New Jersey Superior Court, Law Division, Monmouth County. The Court lacks jurisdiction here, since removal of state criminal matters is permitted in limited instances under 28 U.S.C. §§ 1443 and 1446, but those provisions are inapplicable here.

**SECTION 1443(1)** provides that "criminal prosecutions, commenced in a State court[,] may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending [only if the defendant] is denied or cannot enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  A "removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test.  First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. . . .  Second, it must appear . . .

that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of [the] State." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (internal citations and quotation marks omitted).

**UNDER** the first prong, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Id. The second prong "normally requires that the denial [of specified federal rights] be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest at the trial of the case." Id. (internal citations and quotation marks omitted).  That is, "removal is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial." Georgia v. Rachel, 384 U.S. 780, 800 (1966).  Rather, "[r]emoval is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in state courts.  A state statute authorizing the denial affords an ample basis for such a prediction." Id.  Moreover, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." Johnson, 421 U.S. at 219-20.

2

**THE NOTICE OF REMOVAL** here indicates that McDaniel's state criminal proceedings are based on charges that were filed by his wife (who is also his cousin) after McDaniel had attacked her in early 2010, in violation of a standing order of protection. McDaniel asserts that removal of his criminal prosecution is needed because he believes he cannot receive a fair trial in state court. See dkt. entry no. 1, at 2-3.  In support, he alleges: (1) "my skin color is light complexion", thereby keeping him from receiving a fair trial; (2) his wife must have been and will be lying in her capacity as a State witness; (3) the prosecutors are corrupt in general and, in particular, as to McDaniel's prosecution; and (4) numerous civil suits that McDaniel instituted against his wife, his wife's mother and aunt, prosecutors and the Prosecutor's Office, would necessarily create a "conflict of interest" for the prosecutors and the judge presiding over McDaniel's criminal proceedings.  See id.[1]

---

[1]  The actions referred to in the Notice of Removal were initiated by McDaniel in connection with – or in anticipation of – his current state prosecution, since his prior suits against various state officials (associated with his prior arrests, prosecution and incarceration) were dismissed.  See McDaniel v. N.J. State Parole Bd., 2008 U.S. Dist. LEXIS 23491, at *4-5 (D.N.J. Mar. 25, 2008) (dismissing McDaniel's claims and observing "[he] brings these claims against 43 persons or entities who had some role in his confinement or criminal prosecution, including state and county corrections officers, parole board members, judges, prosecutors, prison administrators, county freeholders, medical providers, and more").

**MCDANIEL'S ALLEGATIONS** utterly fail to meet the first prong of Section 1443(1). Moreover, for the purposes of the second prong, he does not name any state law preventing enforcement of his federal rights. Further, his allegations that the state court and prosecutors would necessarily be biased or fail to recuse themselves if a conflict of interest arises present nothing but conjecture not warranting removal.[2]

**ASSESSED** under 28 U.S.C. § 1446, the Notice of Removal fares no better. "[U]nder § 1446, a notice of removal of a criminal prosecution shall include all grounds for such removal." See 28 U.S.C. § 1446(c)(2). If it appears on the face of the notice and any exhibits annexed thereto that removal is not to be permitted, the court shall make an order for summary remand. Estate of Casimir v. New Jersey, 2009 U.S. Dist. LEXIS 78113, at *16 (D.N.J. Aug. 31, 2009).

**THE CONTENTS** of the Notice of Removal and attachments thereto do not establish cause for removal; rather, they indicate

---

[2] While Section 1443(2) also authorizes removal of state court criminal prosecutions "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law," 28 U.S.C. § 1443(2), the "second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966). Since McDaniel's action does not fall into this category, Section 1443(2) cannot provide a basis of removal here.

4

McDaniel's interest in introducing baseless dilatory tactics into his criminal prosecution.  Therefore, removal under Section 1446 will be denied.  <u>See</u> <u>Estate of Casimir</u>, 2009 U.S. Dist. LEXIS 78113, at *22 ("In its totality, [the] Notice of Removal amounts to a sham pleading filed in disregard of well-settled legal principles. [Therefore, the] application seeking removal will be denied").

**THIS ACTION** will be summarily remanded to state court.  The Court will issue an appropriate Order and Judgment.

                                                          s/ Mary L. Cooper
                                                    **MARY L. COOPER**
                                                    United States District Judge

Dated:   November 23, 2010